WESTERN DIST.
*August*, 1834.

MORGAN
*vs.*
HIS CREDITORS.

| 7L | 60 |
| 45 | 631 |

## MORGAN *vs.* HIS CREDITORS.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
OF THE EIGHTH PRESIDING.

The acceptance of a surrender of property of an insolvent debtor, by the judge, vests all the debtor's rights in the creditors, which cannot be divested or set aside, unless by proceedings of a single creditor, had contradictorily with the mass of the creditors.

Until a syndic is appointed, either by the court or the creditors, no motion or suit to dismiss the petition of the insolvent, can be made or tried.

The plaintiff filed his petition and schedule, on the 11th day of September, 1832, and prayed for a surrender and discharge, under the insolvent laws. He put on his bilan a single credit of ten dollars; placed upwards of six hundred dollars, as debts due by him. The district judge accepted the surrender, and ordered a meeting of the creditors, to take place before the parish judge of East Feliciana. A portion of the creditors waived notice, the others were duly notified to attend the meeting. The parish judge returned that none of the creditors attended, and the district judge ordered the case to be put on the trial docket, at the April term, 1833.

Abner Wamack, one of the creditors of the insolvent, and the principal one, for the sum of five hundred and twenty-five dollars, by his attorney, moved the court to dismiss the petition of the insolvent, on the following grounds :

1. That the order for a surrender was illegally made because the insolvent shows but a single credit of ten dollars, and debts over six hundred dollars ; and this applicant is a creditor for upwards of five hundred dollars.

2. That by his own showing, the insolvent has a judgment against this applicant, for two hundred dollars, which he has failed to put on his bilan.

3. There was no legal meeting of the creditors, the same not being advertised according to law, by affixing notices at the usual public places.

The district judge ordered the application to be overruled as coming too late ; to which opinion of the court overruling the application, the applicant, by his counsel, excepted. He then appealed.

*Lawson,* for the insolvent and appellee.

1. The appeal is informally taken, there being no legal defendant in the appeal, the ceding debtor being incompetent to stand in judgment.　4 *Martin, N. S.* 103, 620.

2. The motion came too late, being after the lapse of ten days from the meeting of the creditors, the time allowed by law, to file opposition to the cession on account of nullities, irregularities and frauds.　See *Insolvent Act of* 1817, *sec.* 18.

3. The motion was irregular and informal, because no notice was given to the sheriff, who was appointed syndic by the court, the creditors having failed to elect one ; and because no rule was taken upon him, to show cause why the proceedings should be dismissed. The appeal is therefore irregular, in this, that the syndic is not made a party, and must be dismissed for want of proper parties.　See *Insolvent Act of* 1817, *sec.* 29.

*Bradford,* for the appellant.

1. The order for a meeting of the creditors of the petitioner, and the acceptance of the surrender by the judge, for the creditors of the petitioner, were illegal.　The petitioner has not surrendered any property to his creditors, and without making a surrender of property in value, amounting to more than one-third of his debts, or proving by affidavit, sworn to by two credible, disinterested witnesses, that he experienced the losses by him stated in his petition, the judge could not order a meeting of the creditors of petitioner, or accept of his surrender for the benefit of his creditors.　See 2 *Moreau's Digest,* 426, *sec.* 7.

2. The petitioner has a judgment against Wamack, for the sum of two hundred dollars, as will appear by his own showing.　For this reason the petition of appellee must

be dismissed, the petitioner not having surrendered all his estate. See 2 *Moreau's Digest*, 424, *sec.* 1, 3, 5.

3. There was no legal meeting of the creditors, the same not having been called according to law, no advertisement of said meeting having been posted up, as is required by law. 2 *Moreau's Digest*, 426. *Civil Code*, 438, *art.* 4.

4. The judge giving the order for the meeting of the creditors, did not require that the meeting should be held *at the office* of the parish judge, acting as notary, as the law directs. *Civil Code, page 438, art.* 4, 2*d branch thereof.*

*Mathews, J.,* delivered the opinion of the court.

The proceedings in this case progressed, as far as the permission to the insolvent to surrender his property, acceptance by the judge, to whom the application was made, in pursuance of the provisions of an act of the Legislature, approved on the 29th of March, 1826, an order for a meeting of creditors, and stay of proceedings against the petitioner.

Most of the creditors were regularly cited or waived notice of citation. No meeting took place, and the record does not show that syndics were appointed. While the cause was in this situation, one of the creditors, *Abner Wamack,* moved the court below to dismiss the plaintiff's petition, on several grounds, stated as the basis of his motion; which was overruled by that court, on the ground that the motion was interposed too late. From this judgment he appealed.

We are of opinion that the District Court did not err, in overruling the appellant's motion. This judgment was perhaps correct, for the reason assigned; but is supportable on another ground, viz : that there were at the time, no proper parties before the court.

The act of 1826, (as we have seen above,) required the judge, to whom the petition and schedule of the insolvent were presented, to accept the property of the ceding debtor, for the benefit of his creditors. This acceptance vested in them all the debtor's rights, and ought not to be set aside, unless by proceedings of one creditor, had contradictorily with the mass of creditors represented by a syndic. It does not,

The acceptance of a surrender of property of an insolvent debtor by the judge, vests all the debtor's rights in the creditors, which cannot be divested or set aside unless by proceedings of a single creditor, had contradictorily with the mass of the creditors.

Until a syndic is appointed either by the court or the creditors, no motion or suit to dismiss the petition of the insolvent can be made or tried.

however, appear from the record, that any syndic has been appointed in the present case, either by the judge who accepted the property, or by the creditors, and until that be done, we are of opinion that a proceeding, such as is attempted by the appellant, is irregular.

WESTERN DIST.
*August*, 1834.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed, with costs.